IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**TYLER LACKEY and JOSÉ ZAMORA,**  **PLAINTIFFS**
Each Individually and on behalf of
All Others Similarly Situated

vs.   No. 7:19-cv-269

**PUMPCO ENERGY SERVICES, INC.,**
**SUPERIOR ENERGY SERVICES, L.L.C.,**
**and SUPERIOR ENERGY SERVICES, INC.**   **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Tyler Lackey and José Zamora, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendants Pumpco Energy Services, Inc., Superior Energy Services, L.L.C., and Superior Energy Services, Inc. ("Defendants"), and in support thereof, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Tyler Lackey and José Zamora ("Plaintiffs") on behalf of themselves and on behalf of other Equipment Operators and Electronic Technicians employed by Defendants (hereinafter the "Co-Workers") at any time within a three-year period preceding filing hereof.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and the Co-Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Texas, with their principal place of business in Houston.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendants reside in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

7. Plaintiffs and the class performed their work for Defendants in the oilfields of West Texas.

8. The unlawful policies complained of herein were committed within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Tyler Lackey is a resident and citizen of Florida.

11. Plaintiff José Zamora is a resident and citizen of Potter County.

12. Defendant Pumpco Energy Services, Inc., is a foreign for-profit corporation authorized to do business in the State of Texas and having a registered agent for service of process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. Defendant Superior Energy Services, L.L.C., is a foreign for-profit limited liability company authorized to do business in the State of Texas and having a registered agent for service of process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

14. Defendant Superior Energy Services, Inc., is a foreign for-profit corporation authorized to do business in the State of Texas and having a registered agent for service of process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Defendants Pumpco Energy Services, Inc., and Superior Energy Services, L.L.C. are subsidiaries of Defendant Superior Energy Services. Inc.

16. Defendants together do business in Texas as Superior Energy Services.

17. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

18. As a result of this unified operation control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.  FACTUAL ALLEGATIONS

19. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. Plaintiff Tyler Lackey worked for Defendants from around October of 2018 until November of 2019 as an Equipment Operator.

21. Plaintiff José Zamora worked for Defendants from around August of 2018 until November of 2019 as an Equipment Operator.

22. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA.

23. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

24. Defendants are oilfield services companies that have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

25. Defendants' workers routinely use hard hats, wrenches, and other tools in performing their job duties.  These necessary implements moved in interstate commerce across state lines. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

26. Defendants set the pay policy in question in this lawsuit, managed Plaintiffs' work schedules, determined their hours, could hire and fire Plaintiffs, and had general operational control over Plaintiffs and the Co-Workers.

27. Defendants are an "employer" within the meaning set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' joint employer.

28. Equipment Operators and Electronic Technicians are the job tiles and descriptions used by Defendants for employees who engage in the manual labor associated with oilfield service work.

29. Equipment Operators and Electronic Technicians generally share the same job duties of assisting in the pumping and fracking of oil wells, except that Equipment Operators have a Commercial Driver's License and therefore can be called upon to drive large vehicles as part of their job duties.

30. Plaintiffs and the Co-Workers were classified as hourly employees for the entire duration of their employment with Defendants and were paid an hourly rate.

31. Plaintiffs and the Co-Workers almost always worked in excess of forty (40) hours per week throughout their tenure with Defendants, regardless of how Defendants categorized that time.

32. Plaintiffs and the Co-Workers received an hourly rate for all hours worked for Defendants below forty (40) hours per week and an overtime premium of one and one-half (1.5) times their regular rate of pay for some, but not all, of their hours worked in excess of forty (40) hours per week for Defendants.

33. All Equipment Operators and Electronic Technicians are subject to the same common policy of paying straight time for some hours in excess of forty (40) per week.

34. Specifically, Defendants avoided paying an overtime premium for all hours worked over forty (40) by distinguishing some of Plaintiffs' hours worked into the separate

category "Travel Hrs-NCTO," and making it a policy that an overtime premium would not be paid for those hours.

35. Plaintiffs and the Co-Workers were and are entitled to one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

36. Defendants failed to pay Plaintiffs and the Co-Workers overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all of their hours worked in excess of forty (40) hours per week even though Defendants were aware of how many hours Plaintiffs and the Co-Workers worked.

37. Defendants may justify their failure to pay an overtime premium on "Travel Hrs-NCTO" by asserting that they considered this time to be non-compensable and payment for these hours was a bonus and a perk of employment.

38. To the extent the time designated "Travel Hrs-NCTO" is determined to be non-compensable, then payments for these hours to Plaintiffs and the Co-Workers constitute non-discretionary cash awards and bonuses paid on a regular basis when certain objective and measurable criteria were met.

39. Defendants did not include the bonuses and cash awards paid to Plaintiffs and the Co-Workers in their regular rates of pay when calculating their overtime pay.

40. Defendants violated the FLSA by not including the non-discretionary bonuses of Plaintiffs and the Co-Workers in their regular rate when calculating their overtime pay.

41. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and the Co-Workers violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiffs bring this claim on behalf of all Equipment Operators and Electronic Technicians employed by Defendants at any time within the applicable statute of limitations period who are entitled to payment for all overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

45. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will file shortly their Consent to Join this lawsuit.

46. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendants' common policy of failing to pay a lawful overtime rate for all hours worked over forty (40) per work week.

47. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 30 persons.

48. Oilfield workers are not at their residences as frequently as many other working-class Americans. As such, they rely on email and text message just as much as or more so than typical wage earners, who themselves live their lives with a growing dependence upon text message and email as opposed to traditional U.S. Mail.

49. Defendants can readily identify the members of the Section 16(b) collective. The names, mailing addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

50. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

52. 29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

53. Defendants failed to pay Plaintiffs at a rate of one and one-half times (1.5) their regular rate for all compensable hours worked over forty (40) hours per week, despite their entitlement thereto.

54. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as *attendance-based* incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

55. Alternatively, if Plaintiffs' time designated "Travel Hrs-NCTO" is determined to be non-compensable, Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

56. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

59. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

60. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

61. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

62. 29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

63. Defendants failed to pay Plaintiffs and those similarly situated at a rate of one and one-half (1.5) times their regular rate for all compensable hours worked over forty (40) hours per week, despite their entitlement thereto.

64. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as *attendance-based* incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

65. Alternatively, if the time of Plaintiffs and those similarly situated designated "Travel Hrs-NCTO" is determined to be non-compensable, Defendants violated Section 778.208 of Title 29 of the C.F.R. by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

66. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All Equipment Operators and Electronic Technicians
within the last three years.**

67. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and those similarly situated for, and Plaintiffs and those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

69. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tyler Lackey and José Zamora, each individually and on behalf of all others similarly situated, respectfully pray as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d) A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the class members under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f)   Judgment for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class during the applicable statutory period;

(g)   An order directing Defendants to pay Plaintiffs and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TYLER LACKEY and JOSÉ ZAMORA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*_____
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com